d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

STATE OF LOUISIANA,                         CIVIL DOCKET NO. 3:26-MC-00051
Plaintiff

VERSUS                                      MAGISTRATE JUDGE PEREZ-MONTES

USA,
Defendants

---

## MEMORANDUM ORDER

The United States, on behalf of Assistant United States Attorney Cheyenne Wilson, filed this action seeking an order to quash a Rule to Show Cause issued by the Fourth Judicial District Court for Ouachita Parish, Louisiana, (the "Fourth JDC"), and to obtain a protective order governing any future attempts to compel her testimony or related information concerning federal prisoner custody. The Fourth JDC's Rule to Show Cause directs AUSA Wilson, in her official capacity, to appear in state court to explain why the United States Marshals Service ("USMS")did not produce federal detainee Kendrick Darnell Williams ("Williams") to state custody for a hearing. ECF No. 2-1 at 2–3; No. 2-5 at 1–2.

However, the United States correctly asserts that, in these unique circumstances, the state court lacked jurisdiction to issue coercive process against a federal officer for official acts. And the Department of Justice's *Touhy* regulations preclude compelled testimony absent prior authorization. ECF No. 2-1 at 3–8, 16–18. Accordingly, the Motion to Quash and for Protective Order (ECF No. 2) is hereby

1

GRANTED IN PART to the extent it seeks an order quashing the Rule to Show Cause, but DENIED IN PART in all other respects.

## I.      Background

Williams is currently the defendant in an ongoing criminal matter before the Fourth JDC: *State of Louisiana v. Kendrick Darnell Williams*, Docket No. 26-cr-154, Williams was also indicted federally for possession of a firearm and ammunition by a convicted felon. AUSA Wilson petitioned this Court for a writ of habeas corpus *ad prosequendum* directing the USMS to procure Williams from Ouachita Correctional Center for his federal initial appearance and to hold him in federal custody pending resolution of the federal charges. Magistrate Judge McClusky granted that motion on April 8, 2026.

Thereafter, the Fourth Judicial District Court ordered Williams produced for a state hearing on June 17, 2026. But the USMS declined to relinquish custody in light of the pending federal prosecution. The state court then issued the Rule to Show Cause against AUSA Wilson individually.

The United States removed the Rule to Show Cause proceeding to this Court under 28 U.S.C. § 1442(a)(1). ECF No. 2 at 1–2. The State of Louisiana is docketed as a pro se Plaintiff but service has not occurred and no responsive briefs have been filed or ordered. ECF No. 2 at 1; ECF No. 2-6.

The United States removed the Rule to Show Cause proceeding to this Court under 28 U.S.C. § 1442(a)(1). Under 28 U.S.C. § 1442, Federal Rule of Civil Procedure 45(d)(3), and this Court's inherent authority, the United States has now moved (ECF

No. 2) to quash the Rule to Show Cause and for entry of a protective order barring further attempts to compel testimony or documents from AUSA Wilson, the United States Attorney's Office, the USMS, or other Department of Justice ("DOJ") personnel regarding federal prisoner custody decisions absent compliance with the DOJ's *Touhy* regulations, 28 C.F.R. §§ 16.21–16.29.

## II.    Law and Analysis

### A.    Removal and Subject-Matter Jurisdiction

Section 1442(a)(1) permits removal of a civil action or criminal prosecution commenced in state court against an officer of the United States sued in an official or individual capacity for any act under color of such office. 28 U.S.C. § 1442(a)(1). "To remove under § 1442, a defendant must: (1) have acted under the direction of a federal officer, (2) raise a "colorable" federal defense to the plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and the acts defendant performed under color of federal office." *Brown v. Brown & Williamson Tobacco Corp.*, No. 03 CV 995, 2005 WL 8174133, at *5 (W.D. La. Feb. 1, 2005) (citing *Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959 (1989)).

AUSA Wilson is a federal officer. The Rule to Show Cause arises directly from official acts: Wilson's seeking and obtaining a federal writ of habeas corpus *ad prosequendum*, and the USMS decision to retain Williams in federal custody pending his federal prosecution. These acts satisfy the causal-connection requirement. The United States also asserts colorable federal defenses based on sovereign immunity and *Touhy* regulations. ECF No. 2-1 at 3–8, 16–18. Removal under § 1442(a)(1) was

therefore proper, and this Court has subject-matter jurisdiction over the removed proceeding.

### B.    Sovereign Immunity

"'The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). That includes federal officers acting in their official capacities. *Andrews v. Adams*, No. 1:23-CV-095-DH, 2023 WL 6964992, at *3 (W.D. Tex. Sept. 18, 2023), *report and recommendation adopted,* No. 1:23-CV-95-DII, 2023 WL 6960381 (W.D. Tex. Oct. 20, 2023), *aff'd as modified,* No. 23-50841, 2024 WL 4298150 (5th Cir. Sept. 26, 2024).

The Fifth Circuit has held that sovereign immunity bars enforcement of a state-court subpoena or similar "coercive process" against an unwilling federal officer acting in an official capacity. *See Louisiana v. Sparks*, 978 F.2d 226, 235–36 (5th Cir. 1992); *see also Russell v. Jones*, 49 F.4th 507, 521–22 (5th Cir. 2022) (reaffirming *Sparks*, noting that other circuits apply the same rule, and collecting cases regarding the same). Likewise, the Rule to Show Cause "issue[d] under the court's authority and [may be] enforced by court order." *Russell,* 49 F.4th at 515. No waiver of sovereign immunity is apparent or suggested here.  Therefore, the state court lacked jurisdiction to issue the Rule to Show Cause.

### C.   *Touhy* Regulations

The Department of Justice's *Touhy* regulations, 28 C.F.R. §§ 16.21–16.29, separately prohibit DOJ employees from testifying or producing official information in response to any subpoena or demand without prior authorization from the appropriate Department official. 28 C.F.R. § 16.22(a). The Supreme Court upheld such regulations in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467–70 (1951). And the Fifth Circuit has held them valid and mandatory. *United States v. Wallace*, 32 F.3d 921, 929 (5th Cir. 1994).

AUSA Wilson has not received a *Touhy* authorization to testify or disclose information concerning the USMS's custody determination. ECF No. 2-1 at 2–3, 6–7. As such, AUSA Wilson cannot be compelled to appear or testify regarding the same absent compliance with the *Touhy* regulations.

### D.   Protective Order

The United States also seeks a protective order "prohibiting any process against the named AUSA and/or United States Attorney's Office, the United States Marshall Service or any other current or former Department employee until appropriate federal procedures are obtained." ECF No. 2-6 at 1. The Court declines to enter that relief.

No second subpoena or show-cause order is pending. And no other dispute has been identified. The holdings above—that the Fourth JDC lacked jurisdiction, and that the *Touhy* regulations are mandatory and preclusive—adequately protect the

5

interests the United States seeks to vindicate. Prospective relief is therefore unwarranted.

### III.    Conclusion

For the reasons stated above,

IT IS ORDERED that the Motion to Quash (and for Protective Order) filed by the United States is hereby GRANTED IN PART to the extent it seeks an order to quash the Rule to Show Cause (ECF No. 2-5), but DENIED IN PART in all other respects.

IT IS FURTHER ORDERED that the Rule to Show Cause issued by the Fourth Judicial District Court, Ouachita Parish, Louisiana, on June 26, 2026 (ECF No. 2-5), is hereby QUASHED.

SIGNED on Friday, July 24, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6